# Wilde v. Morrell.

*Practice, C. P.—Affidavit of defense—Set-off—Account—Settlement.*

In an action to recover a debt of a third party which the defendant had assumed with consent of plaintiff and had agreed to pay, an affidavit of defense is sufficient which sets up other transactions between the plaintiff and defendant, and avers that a final settlement had been made between plaintiff and defendant some years before the suit was brought; that in that settlement credit was allowed the plaintiff for the sum in suit, and that a small balance had been found to be due by plaintiff to defendant which was then paid.

Argued Jan. 14, 1901. Appeal, No. 261, Jan. T., 1900, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1900, No. 432, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Solomon Wilde v. Edward deV. Morrell. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

From plaintiff's statement it appeared that Mother M. Katharine of the Convent of the Blessed Sacrament in March, 1894, was indebted to plaintiff in the sum of $5,000. At that time defendant was indebted to Mother Katharine in a sum equal to that amount. With the consent of plaintiff Mother Katharine gave defendant credit for $5,000, and defendant agreed to pay that sum to plaintiff.

The affidavit of defense admitted the facts as above stated, but set up other transactions between plaintiff and defendant and particularly the purchase of certain property.

The affidavit of defense concluded as follows:

Final settlement for said purchase and of the account outstanding between the plaintiff and myself was made on or about March 7, 1896. In that settlement credit was allowed the plaintiff for said sum of $5,000. A small balance was found to be due by the plaintiff to me, which was then paid. No demand for the payment of said sum of $5,000 was ever made upon me by the plaintiff or by any one on his behalf until just before the expiration of six years from the date of the settlement made

as aforesaid with Mother M. Katharine, and the present suit was brought only five days before the time when the statute of limitations would have barred plaintiff's alleged claim. Thereafter, from time to time, I loaned the plaintiff other sums for use in his business and he did for me other work. Upon the accounts now standing between us, the plaintiff is indebted to me in the sum of upwards of $1,500.

I owe the plaintiff nothing at the present time. On the contrary, he is indebted to me in the sum aforesaid. For said sum I shall ask a certificate at the trial of this case.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the charge of the court.

*J. Frederick Hartman,* for appellant.

*John G. Johnson,* for appellee, was not heard.

PER CURIAM, February 18, 1901:

In our opinion the affidavit of defense filed in this case is a sufficient answer to the plaintiff's statement of claim. The elaborate and ingenious argument of the plaintiff's counsel has not convinced us that the court erred in discharging the rule for judgment.

Judgment affirmed.